UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANIEL STEWART, *et al.*, ) | |
| ) | Case No. 3:18-cv-381 |
| *Plaintiffs*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| KNOX COUNTY, TENNESSEE, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**ORDER**

Plaintiffs Daniel Stewart, Douglas Ryerkerk, and William Kee initiated the present action on September 21, 2018 (Doc. 1), and amended their complaint to add Davey Sanderson and Larry Grant as Plaintiffs on September 30, 2018 (Doc. 13). After Defendant Tom Cox filed a motion to dismiss (Doc. 19), the parties jointly filed a motion to stay to explore settlement (Doc. 24). The Court granted the parties' motion to stay and extended the stay multiple times at the parties' request. (*See* Docs. 25, 28, 31.) After the parties reported that settlement negotiations were unsuccessful, Plaintiffs file a second amended complaint. (Doc. 36.) After the Court conducted a case-management conference, it entered a scheduling order, ordering, among other things, that Plaintiffs filed another amended complaint. (Doc. 40, at 1.) After Plaintiffs filed their third amended complaint, Defendants Tom Cox, Knox County, Tennessee, and Knox County Board of Education filed motions to dismiss Plaintiffs' claims. (Docs. 46, 49, 50, 52.)

On October 9, 2019, Plaintiffs responded to Defendants' motions to dismiss. (Doc. 63.) On that same date, however, Plaintiffs also filed a motion for leave to file a fourth amended complaint. (Doc. 64.) In support of their motion to amend, Plaintiffs assert that the proposed

amended complaints will: (1) "streamline the case by removing Defendant Tom Cox"; (2) "streamline the case by removing the 42 U.S.C. § 1983 claims"; (3) "add sufficient facts to directly sue Knox County under Title VII and the ADA"; (4) "add additional facts to dispense with Defendants' penultimate summary-judgment stage 'temporal proximity' arguments"; (5) "add additional facts to clarify and expand on the basis for the civil conspiracy claim"; and (6) "add crucial facts first discovered during the deposition of Tom Cox," which was taken recently. (Doc. 64, at 1–2.) Plaintiffs also contend that amendment is necessary because Plaintiff Larry Grant's claims differ from the other Plaintiffs' claims and "[p]lacing Larry Grant's claims within his own stand-alone complaint" will "avoid confusion." (*Id*. at 2.) To that end, Plaintiffs have also filed a motion to sever Larry Grant's claims for trial. (Doc. 65.)

Under Rule 15 of the Federal Rules of Civil Procedure, if a party can no longer amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." *Id.*; *see also Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) ("Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'"). Denial of leave to amend may nevertheless be appropriate when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Leave to amend ultimately lies within the Court's discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971).

2

In this case, the Court finds that granting Plaintiffs' motion to amend is the best way to move this case forward efficiently. First, Plaintiffs' proposed amended complaints remove Tom Cox as a defendant and remove several claims Defendants argued should be dismissed for failure to state a claim. Second, Plaintiffs' proposed amended complaints include new factual allegations regarding other claims Defendants previously sought to dismiss. While the Court is cognizant that Defendants may have argued that some or all of Plaintiffs' proposed amendments should be denied is futile, the best course of action is to allow Plaintiffs to amend their complaint and to have Defendants refile motions to dismiss to the extent they contend that any claims are subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Accordingly, Plaintiffs motion to amend (Doc. 64) is **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiffs' proposed amended complaints (Docs. 64-1, 64-2) on the docket as Plaintiffs' amended complaint.[1] Defendants are hereby **ORDERED** to answer or otherwise respond to Plaintiffs' amended complaints on or before **November 4, 2019**. Defendants' motions to dismiss (Docs. Docs. 46, 49, 50, 52) are hereby **DENIED WITH LEAVE TO REFILE**. Plaintiffs' motion for leave to file excess pages in responding to Defendants' previously filed motions to dismiss (Doc. 61) is **DENIED AS MOOT**.

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes, however, that, given this case's procedural posture, it is unlikely to grant any additional motions for leave to file an amended complaint absent extraordinary circumstances.