# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LARRY GRANT, | ) |
| Plaintiff | ) Case No. 3:18-cv-381 |
| v. | ) JURY DEMAND |
| KNOX COUNTY BOARD OF EDUCATION, | ) |
| Defendant. | ) |

## FOURTH AMENDED COMPLAINT OF LARRY GRANT

COMES Plaintiff, LARRY E. GRANT ("Officer Grant"), and sues the Defendant, KNOX COUNTY BOARD OF EDUCATION d/b/a KNOX COUNTY SCHOOLS ("KCS"), and would respectfully show this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1. Officer Grant brings this sex discrimination retaliation case based on discriminatory acts in violation of applicable law through his filing of a previous Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"). Officer Grant sues under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

### II. JURISDICTION AND VENUE

2. The matter in controversy involves questions of federal law, giving this Court original jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

3. The wrongful conduct alleged herein occurred in Knox County, Tennessee, and venue is therefore proper with this Court pursuant to 28 U.S.C. § 1391.

-1-

## III. ADMINISTRATIVE PREREQUISITES & PRIOR SUIT

4. Officer Grant filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), a true and correct copy of the Charge, as amended, having been submitted with his Second Amended Complaint as Doc. 37-5.

5. On July 31, 2018, the EEOC issued a Notice of Right to Sue to Officer Grant, a true and correct copy of which was submitted with his Second Amended Complaint as Doc. 37-10.

6. All administrative prerequisites for filing suit have been satisfied, less than ninety (90) days have elapsed since the date the Notices of Right to Sue were received, and Officer Grant timely filed suit in this Honorable Court on September 12, 2018.

## IV. PARTIES

7. Officer Grant is a resident of Blount County.

8. Defendant Knox County Board of Education is a statutorily created agency of Knox County, Tennessee, vested with the management and operation of the Knox County Schools system. It was served with process on September 12, 2018, in care of the Superintendent of Schools.

9. Plaintiff reserves the right to amend this Complaint with leave of court to name and/or substitute as defendants any other persons or entities which may later be discovered to be responsible, in whole or in part, for the wrongful conduct alleged herein.

## V. FACTS

10. Paragraphs 1 through 9 are realleged and incorporated in full as if fully set forth.

11. Defendant KCS was an "employer" as defined by Title VII, and Officer Grant was an "employee" of KCS as defined by Title VII, at all times relevant to this Complaint..

-2-

12. Officer Grant retired as a Sergeant from the Knoxville Police Department in December 2008 after 33 years of service, after which he became a school security officer with KCS.

13. The Knox County Schools operates under the Defendant Board of Education. The Superintendent of Schools operationally runs the KCS system; that person reports to the Board. The Board is tasked with voting upon and enacting its own policies at publicly-noticed meetings.

14. Below the Superintendent of Schools are assistant superintendents and the heads of various departments or divisions of the KCS system. This case involves the security division / department, terms used interchangeably in policies and discussions (the "Security Department" is used herein). The head of the Security Division currently is, and at all times relevant hereto was Gus Paidousis ("Paidousis"). His deputy was Major Greg Pinkston ("Pinkston").

15. Paidousis and Pinkston were acting with the actual and/or apparent authority of KCS, and in the course of their employment, when each took the actions complained of herein.

16. Officer Grant repeatedly tried to be promoted to Deputy Chief and as a Sergeant. He also applied for the Professional Standards position, as well as an Investigator position.

17. Every position set forth above for which Officer Grant applied was denied even though he was the most qualified applicant.

18. Officer Grant complained that Paidousis engaged in sex discrimination by favoring a female over him. Officer Grant applied for the Deputy Chief position and, even though he was by far the most qualified person for the job, Paidousis insisted on giving it to a far less qualified female.

19. Officer Grant also supported the co-plaintiffs, Captains Kee, Ryerkerk, and Stewart, when they were fired by Paidousis in retaliation for, in part, their complaints of Paidousis' race discrimination. Officer Grant further questioned actions which he believed were unlawful.

20. After his complaints, Paidousis further made Officer Grant's job more difficult. In August of 2015, he was re-assigned from South Doyle High School to Central High School in Fountain City, knowing it would be a hardship on Officer Grant since he lived in Maryville and this new assignment would more than double his travel time and distance. In the 2015-2016 school year alone has was assigned to three (3) different schools. He was also repeatedly investigated for matters that did not occur.

21. Officer Grant then filed a Charge of Discrimination with the EEOC. In it, he complained that Paidousis engaged in sex discrimination. After doing so, he received negative performance reviews that were objectively unfounded, and he was never promoted.

22. Based on the foregoing, Officer Grant filed another Charge of Discrimination on April 5, 2017, Doc. 37-5.

23. Since the filing of his second Charge, Officer Grant has again received negative performance reviews by Paidousis, through Pinkston, that are objectively unfounded. He was then being told that he was being retained "with reservations."

24. As a result of the harassment and disparate treatment, the working conditions became so intolerable, difficult or unpleasant that it became apparent that KCS intended to force Officer Grant to retire, and those conditions were such that a reasonable person in Officer Grant's shoes would have felt compelled to resign or, as in his case, retire.

25. As a result of KCS' actions, Officer Grant was eventually forced to retire due to the intolerable working conditions, thereby constituting a constructive discharge.

## VI. CAUSE OF ACTION

26. Paragraphs 1 through 25 are realleged and incorporated in full as if fully set forth.

27. The actions of Defendant KCS in engaging in systematic retaliation against Officer Grant for filing Charges of Discrimination with the EEOC based on sex discrimination and for supporting the claims of Plaintiffs' Stewart, Ryerkerk, and Kee, culminating in his constructive discharge, constitutes a violation of Title VII.

28. As the direct and proximate result of each and every one of the foregoing wrongful acts of KCS as alleged herein, Plaintiff has suffered damages in an amount according to proof, including but not limited to, loss of income and benefits, reduced retirement benefits, humiliation, embarrassment, inconvenience, and other incidental and consequential damages and expenses.

29. Officer Grant is further entitled to and seeks reasonable attorneys' fees and costs pursuant to Title VII.

## IX. PRAYERS FOR RELIEF

30. Paragraphs 1 through 29 are hereby realleged and incorporated in full throughout this section by reference as if fully set forth herein.

31. Officer Grant prays that the Court retain jurisdiction of this action, and for the following relief:

   A. That he be awarded back pay and lost benefits through the date of trial, and that he be awarded an amount to recoup the loss he is suffering from reduced retirement income due to being forced to retire early;

   B. For an award of pre- and post-judgment interest;

   C. That he be awarded his attorneys' fees and costs;

   D. That this matter be tried by jury on all matters properly tried by a jury; and,

   E. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of October, 2019.

/s/ Dale J. Montpelier
Dale J. Montpelier, BPR # 17125
MONTPELIER DELLA-RODOLFA • ATTORNEYS
9050 Executive Park Dr., Ste. A-107
Knoxville, Tennessee 37923
Telephone: (865) 673-0330

Counsel for Plaintiff Larry Grant

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Dale J. Montpelier
Attorney